IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODNEY BRAGG                                                                                          PLAINTIFF

v.                                          Case No. 4:20-cv-4054

HUSQVARNA FORESTRY
PRODUCTS N.A., INC, and
CASH AMERICA PAWN, L.P.                                                                     DEFENDANTS

## ORDER

Before the Court is Plaintiff Rodney Bragg's Motion for Extension of Time to File Response. ECF No. 30. The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

Plaintiff filed his Complaint against Defendants on July 2, 2020, alleging negligence related to an injury suffered while operating a hedge trimmer he purchased. ECF No. 3. Separate Defendant Cash America Pawn, L.P. ("Defendant") filed a Motion for Summary Judgment on December 16, 2020. ECF No. 21. Plaintiff filed his response on January 6, 2021. ECF No. 25. Defendant replied on January 12, 2021, and noted that Plaintiff's response was seven (7) days past the deadline for responses to motions under the local rules and moved to have the response struck from the record. ECF No. 29. This request became Defendant's Motion to Strike. ECF No. 31. Plaintiff filed the instant motion (ECF No. 30) requesting an extension of time, and filed a Response in Opposition (ECF No. 32) to Defendant's Motion to Strike (ECF No. 31). Plaintiff's argument is that the late response was due to a clerical error incorrectly marking the deadline for the response at twenty-one (21) days after Defendant filed its motion instead of the correct fourteen (14) days. ECF Nos. 30 and 32.

**DISCUSSION**

According to Local Rule 7.2(b), "Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." When a party files its response after the deadlines, the Court may extend the time to submit it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

"Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Determining if neglect is excusable requires examining all relevant circumstances, with the following factors being most important: "(1) the possibility of prejudice to [Defendant]; (2) the length of [Plaintiff's] delay and the possible impact of that delay on judicial proceedings; (3) [Plaintiff's] reasons for delay, including whether the delay was within [his] reasonable control; and (4) whether [Plaintiff] acted in good faith." *Chorosevic v. MetLife Choices*, 600 F.3d at 496 (citations omitted). The Court will examine each of these factors to determine if Plaintiff's missed deadline for filing his response was due to excusable neglect.

For the first factor, the Court finds that there is no possible prejudice to Defendant by Plaintiff's late response. Evaluating Defendant's motion on the merits after such a short delay instead of granting it as unopposed would not be prejudicial. As to the factor for length of delay and impact on proceedings, Plaintiff's response was only seven days late. A delay of that length has little impact on the trajectory of this case. The Court recently continued the trial in this matter

(ECF No. 34), so the additional time a seven-day delay adds to the proceedings is negligible. As for factor three, Plaintiff's own error in scheduling the deadline for his response is the reason for the delay, which was clearly within his control. However, the fact that the delay was due to circumstances within Plaintiff's control is not dispositive for determining excusable neglect. *See Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999) (holding that while a party's failure to adhere to a deadline was within its own control, the failure still fell within excusable neglect). Lastly, there is no indication that Plaintiff's untimely motion was the result of bad faith and the Court finds that the fourth factor weighs in favor of categorizing Plaintiff's failure as excusable neglect. *See id*. at 856 (determining that the fourth factor is satisfied when there is no reason to doubt a party's good faith). Taking these considerations together, the Court finds that Plaintiff's error comfortably fits within the "excusable neglect" that permits a court to extend the time in which Plaintiff may file its response. Fed. R. Civ. P. 6(b)(1)(B).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Extension of Time to File Response (ECF No. 30) should be and hereby is **GRANTED**. Accordingly, Defendant's Motion to Strike (ECF No. 31) based on the untimeliness of Plaintiff's response is hereby **MOOT**.

**IT IS SO ORDERED**, this 8th day of February, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge