IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RODNEY BRAGG                                                                                    PLAINTIFF

v.                                              Case No. 4:20-cv-4054

HUSQVARNA FORESTRY
PRODUCTS, N.A. INC. et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Separate Defendant Cash America Pawn, L.P.'s ("Cash America")[1] Motion for Summary Judgment. ECF No. 21. Plaintiff Rodney Bragg has responded. ECF No. 25. Cash America has replied. ECF No. 29. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On June 2, 2020, Plaintiff filed his Complaint (ECF No. 3) in the Miller County Circuit Court in Miller County, Arkansas. ECF No. 1-1, p. 2. Plaintiff seeks relief against Defendants for injuries he received while operating a hedge trimmer manufactured by Defendant Husqvarna and purchased from Defendant Cash America. ECF No. 3, p. 2. On July 2, 2020, Separate Defendant Husqvarna Forestry Products, N.A., Inc. ("Husqvarna") removed this action to this Court on the basis of 28 U.S.C. § 1332 diversity jurisdiction.[2] ECF No. 1.

On December 16, 2020, Cash America filed the instant motion seeking summary judgment on Plaintiff's claims against it. ECF No. 21. Cash America argues that Plaintiff's negligence claims must fail because the three-year statute of limitations for negligence under Arkansas law

---

[1] Plaintiff's Complaint (ECF No. 3) names First Cash, Inc. d/b/a Cash America Pawn Shop as one Defendant. However, that party refers to itself as Cash America Pawn, L.P. in the instant motion and the Court will refer to it accordingly.
[2] Defendant Husqvarna cited 28 U.S.C. § 1332 diversity jurisdiction because: 1) the amount in controversy exceeds $75,000, and 2) Plaintiff is an Arkansas resident, Defendant Cash America is incorporated and has its principal place of business in Texas, and Defendant Husqvarna is incorporated in Delaware and has its principle place of business in Georgia. ECF No.1, p. 1-2.

elapsed prior to Plaintiff filing his Complaint. ECF No. 22, p. 4-6. Plaintiff's response argues that his claim against Cash America is for products liability and that he filed his claims within the time permitted by the statute of limitations for such a claim under Arkansas law. ECF No. 26, p. 3-5. Cash America's reply reiterates that Plaintiff's negligence claims are barred by the statute of limitations and that analogous situations in Arkansas courts have found such claims to be time barred. ECF No. 29, p. 1-5.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th

Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

**A. Claim Pleaded in Complaint**

First, the Court will look to Plaintiff's Complaint to determine whether he pled a claim of negligence or products liability against Cash America.

A plaintiff's pleading for relief must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation omitted). A plaintiff must do more than offer labels and conclusions in providing the grounds for his relief and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Once a claim had been adequately stated in a pleading, a plaintiff may then support it by showing facts consistent with the alleged claim. *See id*. at 563.

A federal court sitting in diversity over state-created rights will apply state substantive law and federal procedural law. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426-27 (1996) (citation omitted). State law claims before federal courts will be governed by the federal rules of pleadings. *See Nelson v. J.C. Penney Co., Inc.*, 75 F.3d 343, 347 (8th Cir. 1996) (citing *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 698-99 (8th Cir.1979) ("a federal court cannot be bound by a state's technical pleading rules")).

Under Arkansas law, a claim of negligence requires a plaintiff to show that "the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach was the proximate cause of the plaintiff's injuries." *Duran v. Southwest Arkansas Electric Cooperative Corporation*, 2018 Ark. 33, at 7, 537 S.W.3d 722, 727 (citation omitted). Arkansas' products liability statute reads:

> (a) A supplier of a product is subject to liability in damages for harm to a person or to property if:
> (1) The supplier is engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the product;
> (2) The product was supplied by him or her in a defective condition that rendered it unreasonably dangerous; and
> (3) The defective condition was a proximate cause of the harm to a person or to property.

Ark. Code Ann. § 16-116-101. Claims for products liability under Arkansas law operate under a strict liability doctrine with no requirement to prove a defendant's negligence. *See Williams v. Smart Chevrolet Co.*, 292 Ark. 376, at 381-82, 730 S.W.2d 479, 482 (citations omitted).

Examining Plaintiff's Complaint, the Court finds that Plaintiff's pleading only put Cash America on notice of a negligence claim against it. Plaintiff's only mention of products liability in his Complaint is worded as "Such product liability was proximately caused by Defendants' negligence." ECF No. 3, ¶ 5. This wording is inherently contradictory because Arkansas does not require any showing of negligence to prevail on a products liability claim. *See Williams v. Smart Chevrolet Co.*, 292 Ark. at 381-82. Plaintiff later asserts that both Defendants were "guilty of negligent conduct" towards him, and none of the allegations against Cash America underlying that assertion fit directly into the statutory elements of products liability. *Id.* at ¶¶ 7-8. The only language in Plaintiff's allegations against Cash America that mirrors the products liability statute is "proximate cause," which overlaps with the language for a negligence claim. Also, Plaintiff never cites to Arkansas' products liability statute in his Complaint. Plaintiff did not make any

4

reference to statutory authority regarding products liability until responding to the instant motion. ECF No. 26, p. 3-4. It would be unreasonable to expect Cash America to know of any claim brought against it other than negligence when reading the Complaint. Consequently, the Court finds that Plaintiff's Complaint fails to meet Rule 8(a)(2)'s requirement that his pleading give fair notice to Cash America of a claim of products liability against it. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. at 319. While the factual allegations put forth by Plaintiff may be able to make a pleading of products liability properly "plausible," a claim must first be properly stated before factual support can make a pleading whole. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556-57, 563. Accordingly, the Court finds that Plaintiff's complaint only pled a claim of negligence against Defendant Cash America.

### B. Asserting New Claim in Response to Summary Judgment Motion

After finding that Plaintiff did not plead a claim of products liability in his Complaint, the Court will next determine if it is appropriate for Plaintiff to assert a claim for the first time while opposing Cash America's motion for summary judgment.

Parties typically cannot assert new claims in motions pertaining to summary judgment. *See Hildreth v. City of Des Moines*, 773 F. App'x. 334, 335 (8th Cir. 2019) (citing *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).[3] A claim cannot be raised for the first time while opposing summary judgment, and the correct manner for a party to assert a new claim is to seek to amend its complaint. *See Gilmour*, 382 F.3d at 1315 (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through

---

[3] While the Eighth Circuit has adopted the principle from the Eleventh Circuit that new claims cannot be brought through motions opposing summary judgment, *See Hildreth v. City of Des Moines*, 773 F. App'x. at 335, other Circuits have determined that doing so could be permissible. *See Fulford v. Lowe's Home Centers, L.L.C.*, 811 F. App'x 240, 243-44 (5th Cir. 2020) (new claims raised in response to a motion for summary judgment may be considered as a motion to amend the pleadings); *Martinez v. Potter*, 347 F.3d 1208, 1211-1212 (10th Cir. 2003) (the inclusion of new allegations when responding to a motion for summary judgment can be treating as a potential request to amend the complaint).

arguments in his brief in opposition to a motion for summary judgment")). "Liberal pleading does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." *Gilmour*, 382 F.3d at 1315; *see also Barclay White Skanska, Inc. v. Battelle Memorial Institute*, 262 F. App'x 556, 563 (4th Cir. 2008) (finding that liberal pleading does not allow new claims to be raised by a plaintiff after discovery has commenced without further amending the complaint).

The Court finds that Plaintiff should not be permitted to assert a products liability claim for the first time in his response to the instant motion. Plaintiff did not plead a claim of products liability against Cash America in his Complaint and cannot be permitted to raise such a claim while opposing Cash America's motion for summary judgment.[4] *See Gilmour*, 382 F.3d at 1315. Plaintiff has not attempted to amend his Complaint in the months since Cash America filed the instant motion, and the Court will not treat his response to the instant motion as an attempt to amend his Complaint. *See Barclay White Skanska*, 262 F. App'x at 563. Accordingly, the Court will not consider Plaintiff's newly asserted products liability claim in evaluating Cash America's motion for summary judgment.

**C. Whether Defendant's Negligence Claim is Time Barred**

Finally, the Court will determine if the statute of limitations for Plaintiff's negligence claim against Cash American has elapsed.

Federal courts sitting in diversity will apply the statute of limitations rules of the forum state. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (citations omitted). If the applicable statute of limitations would bar recovery for a claim in the forum state,

---

[4] The Court notes that while Plaintiff's brief supporting its response to the instant motion contends that it is pursuing a products liability claim against Cash America (ECF No. 26, p. 3-5), Plaintiff's response does not mention a products liability claim and states that his suit is to "recover his damages for Defendants' negligence." ECF No. 25, ¶ 3.

then a federal court should not allow recovery for that claim. *See Renfroe v. Eli Lilly Co.*, 686 F.2d 642, 648 (8th Cir. 1982). Claims for negligence under Arkansas law have a three-year statute of limitations period. *See Hill v. Hartness*, 2017 Ark. App. 664, at 1, 536 S.W.3d 649, 652 (citing Ark. Code Ann. § 15-56-105). Arkansas operates under the "occurrence rule," which holds that the statute of limitations for a negligence claim begins to run "when negligence occurs and not when it is discovered." *Id*. Arkansas courts have applied the occurrence rule for over a century and have rejected any challenge that argues the statute of limitations should begin to run at the date of injury or when the negligent act is discovered. *See Moix-Mcnutt v. Brown*, 348 Ark. 518, at 522-23, 74 S.W.3d 612, 614 (2002) ("Although she argues that 'common sense' says that one cannot have a cause of action until one has actually suffered a loss or damages arising out of the negligent act, this is precisely the argument that this court has rejected over and over again"). Absent any concealment of an allegedly negligent act, the statute of limitations for a claim of negligence related to the sale of an item will begin to run when the item is sold and not when any injury occurs. *See Bank of the Ozarks, Inc. v. Ford Motor Co.*, 2020 Ark. App. 231, at 5-7, 599 S.W.3d 718, 721-22 (holding that the statute of limitations for a negligence claim started to run when an allegedly unsafe vehicle was sold and not from the date of an accident allegedly caused by the vehicle's condition).

  Defendant Cash America argues that the statute of limitations for Plaintiff's negligence claim has run, and therefore Cash America is entitled to summary judgment. ECF No. 22, p. 4-6. Cash America notes that all the allegations of negligence in Plaintiff's Complaint against Cash America are for actions that took place prior to, or on the date of, the purchase of the hedge trimmer

that injured Plaintiff.[5]  *Id*. at p. 5-6.  Cash America contends that this puts the latest date of any alleged negligent conduct on April 4, 2017.  *Id*. at p. 6.  Cash America then notes that Plaintiff first filed his Complaint on June 2, 2020, greater than three years after the date of purchase.  *Id*.  Cash America concludes that Plaintiff's negligence claims are therefore time barred under Arkansas' occurrence rule for negligence claims.  *Id*.  Plaintiff argues that the three-year statute of limitations for products liability claims under Arkansas law begins to run from the date of injury and that he filed his Complaint within three years of his injury.  ECF No. 26, p. 3-4 (citing Ark. Code Ann. § 16-56-105).

The Court finds that Plaintiff's negligence claims are in violation of the statute of limitations.  Every alleged negligent act that Plaintiff's Complaint attributes to Cash America and that Plaintiff argues are the proximate cause of his injuries occurred before or on the date of purchasing the hedge trimmer.  ECF No. 3, ¶ 8.  This sets April 4, 2017, as the latest date for any negligent act by Cash America and the beginning of the three-year statute of limitations running under the occurrence rule.  *See Moix-Mcnutt v. Brown*, 348 Ark. at 522-23.  Plaintiff first filed his Complaint in an Arkansas court on June 2, 2020.  ECF No. 1-1, p.4.  This is greater than three years from the date of purchase of the hedge trimmer and makes Plaintiff's negligence claims contravene the statute of limitations for negligence claims.  *See Bank of the Ozarks, Inc. v. Ford Motor Co.*, 2020 Ark. App. at 6-7.  As to Plaintiff's argument that the statute of limitations for products liability claims run three years from the date of injury, the Court determined above that the claim pleaded in his Complaint is negligence and not products liability.  Therefore, the Court will only measure the statute of limitations for Plaintiff's negligence claim from the date of the

---

[5] The specific actions that Plaintiff alleges Cash America acted negligently toward him are: (1) failing to ensure the safety of its products, (2) failing to inspect its products before sale, (3) failing to properly train employees, and (4) failing to take appropriate evasive action.  ECF No. 3, ¶ 8.

sale of an allegedly unsafe hedge trimmer and not from the date that item injured the Plaintiff. *See id*. at 6-7. Accordingly, the Court finds that Plaintiff's negligence claims against Cash America are time-barred and summary judgment should be granted for Cash America.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Cash America's Motion for Summary Judgment (ECF No. 21) should be and hereby is **GRANTED**. All claims against Cash America are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge